**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | |
|---|---|
| TRUMAN GROSS, <br> ADC #135755 <br><br> Plaintiff, <br> v. <br><br> WENDY KELLY, <br> Director, ADC; *et al.* <br><br> Defendants. | * <br> * <br> * <br> * <br> *     No. 5:18cv00007-SWW-JJV <br> * <br> * <br> * <br> * <br> * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Truman Gross ("Plaintiff") is incarcerated at the Varner Supermax Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 9.)  He alleges Defendants have sexually harassed and psychologically tortured him with their use of an "Automated Voice Recognition Imagery System," which enables them to place thoughts in inmates' minds and extract thoughts from their minds.  (Doc. No. 9 at 4-6.)  After careful review of Plaintiff's Amended Complaint, I find it is frivolous and should be dismissed without prejudice.  In addition, I find Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 12) should be denied.

### II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff's Amended Complaint is frivolous because it lacks an arguable basis in law or fact.  *Neitzke*, 490 U.S. at 325.  A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory."  *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (citing *Neitzke*, 490 U.S. at 327).  A claim lacks an arguable basis in fact if its factual contentions are clearly baseless, or if it describes fantastic or delusional scenarios.  *Denton*, 504 U.S. at 32 (citing *Neitzke*, 490 U.S. at 327-28).  Plaintiff's allegation that he has been harassed and tortured by Defendants' use of technology – specifically, a "system" that enables them to "place thoughts in [his] mind to gather thoughts from [his] mind, as well as place images in [his] mind and play in [his] dreams" (Doc. No. 9 at 4) – describes a fantastic and delusional scenario.  His contention that this harassment and torture violates his "human and constitutional right[s]" (*Id*. at 5) is based on

an indisputably meritless legal theory. Accordingly, this action should be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

### III. MOTION FOR INJUNCTIVE RELIEF

Plaintiff requests a preliminary injunction enjoining Defendants from using the technology at issue and requiring them to "stop the twenty four hour torture, sexual harassment, verbal harassment as well as violations of any of Plaintiff's constitutional rights." (Doc. No. 12 at 1.) He also requests a temporary restraining order to the same effect. (*Id.*)

In deciding whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Id*. Without such a finding, a preliminary injunction should not be issued. *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Plaintiff has failed to carry his burden of establishing that irreparable harm will befall him in the absence of injunctive relief. This is sufficient ground – on its own – to deny a motion for preliminary injunction. *Dataphase*, 640 F.2d at 114 n.9. In short, Plaintiff's fanciful allegations are insufficient to establish a threat of irreparable harm that is both real and immediate. *See Goff*, 60 F.3d at 521. For this reason, and because I recommend dismissal of Plaintiff's claims, his request for injunctive relief should be denied.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's cause of action (Doc. Nos. 1, 9) be DISMISSED without prejudice as frivolous.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 12) be DENIED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 7th day of February, 2018.

                                                                                                                 _____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."